# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC McCLELLAN, Sr., Special Administrator of the Estate of ERIC McCLELLAN, Jr., deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-4183 |
| v. | ) ) | Judge Jorge L. Alonso |
| CSX TRANSPORTATION, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant CSX Transportation, Inc.'s ("CSXT") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) or, alternatively, to transfer the case to the United States District Court for the Northern District of Indiana. For the reasons set forth below, the Court grants the Rule 12(b)(2) motion to dismiss [9]. Civil case terminated.

## BACKGROUND

On February 6, 2018, Eric McClellan, Jr. (the "decedent"), sustained fatal injuries in a collision between a CSXT train and the vehicle in which he was a passenger at a railroad crossing located in Gary, Indiana. At the time of the incident, the decedent was a resident of Illinois. CSXT operates an interstate railroad with a network encompassing about 21,000 miles of track in 23 states. CSXT is a Virginia corporation with its principal place of business in Florida.

On May 18, 2018, plaintiff Eric McClellan, Sr., special administrator of the decedent's estate, filed suit in the Circuit Court of Cook County, Illinois, alleging that a train operated by CSXT caused the wrongful death of the decedent. On June 15, 2018, CSXT removed the action to this Court and later filed a motion to dismiss for lack of personal jurisdiction or, alternatively, to

transfer to the Northern District of Indiana. CSXT argues that this Court cannot exercise general jurisdiction over it because it is not incorporated in Illinois and does not maintain its principal place of business in the state. CSXT further argues that plaintiff's allegations do not arise from, or relate to, any of its activities in Illinois. In the alternative, CSXT asks the Court to transfer this matter to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a), or 28 U.S.C. § 1361. Plaintiff opposes the motion, arguing that CSXT's contacts in Illinois are so "exceptional" as to render it "at home" in Illinois, that CSXT's contacts in Illinois are sufficiently related to the cause of action, and that transfer pursuant to § 1406(a) or § 1361 is improper.

## **STANDARD**

A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Central States v. Phencorp. Reins Co.*, 440 F.3d 870, 875 (7th Cir. 2006); Fed. R. Civ. P. 12(b)(2). In ruling on a Rule 12(b)(2) motion, courts may consider matters outside of the pleadings. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a court determines a Rule 12(b)(2) motion based on the submission of written materials without holding an evidentiary hearing, the plaintiff must make a *prima facie* case of personal jurisdiction. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 432 (7th Cir. 2010); *GCIU-Employer Ret. Fund*, 565 F.3d 1018, 1023 (7th Cir. 2009). As such, the plaintiff bears the burden of establishing that personal jurisdiction exists. *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). To determine whether the plaintiff has met its burden, the court may consider affidavits from both parties. *Felland v. Clifton*, 582 F.3d 665, 672 (7th Cir. 2012). When the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found.*, 338 F.3d at 783. Courts must also resolve all factual

disputes in the plaintiff's favor. *GCIU*, 565 F.3d at 1020, n.1. Unrefuted facts in defendant's affidavits, however, will be taken as true. *Id*.

## DISCUSSION

**Personal Jurisdiction**

"District courts exercising diversity jurisdiction apply the personal jurisdiction rules of the state in which they are located." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). The Illinois long-arm statute allows for the exercise of "jurisdiction to the limit set by the Due Process Clause of the Constitution." *Noboa v. Barcelo Corporacion Empresarial, SA*, 812 F.3d 571, 572 (7th Cir. 2016); *see* 735 ILCS 5/2-209(c) ("A court may . . . exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). Thus, the statutory and constitutional inquires merge: if this Court may constitutionally exercise personal jurisdiction over an out-of-state defendant, then that exercise comports with the Illinois long-arm statute. *N. Grain*, 743 F.3d at 492; *see Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2003) (noting that "there is no operative difference between the limits imposed by the Illinois constitution and the federal limitations on personal jurisdiction.").

The Due Process Clause authorizes personal jurisdiction over out-of-state defendants when the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction: general and specific. Plaintiff relies on both types of personal jurisdiction, which the Court addresses in turn.

### A. General Jurisdiction

A defendant is subject to general jurisdiction only where its contacts with the forum state are so "continuous and systematic" that the defendant is "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2851 (2011); *see also Tamburo*, 601 F.3d at 701 ("The threshold for personal jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence."). A corporation's place of incorporation and principal place of business provide "paradigm" bases for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporation defendant may be sued on any and all claims." *Id*.

In an exceptional case, a corporate defendant may have operations "so substantial and of such a nature" as to render that defendant "at home" in another forum. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)). Qualifying as an exceptional case "require[s] more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Kipp*, 783 F.3d at 698 (quoting *Daimler*, 571 U.S. at 134); *see Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (Under *Daimler*, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

Plaintiff says that general jurisdiction exists because CSXT has "exceptional" minimum contacts in Illinois. Plaintiff alleges that CSXT has a division headquarters in Illinois, has two intermodal terminals in the state, operates and maintains 1,400 miles of track and 880 public and private crossings, handles more than 2.5 million carloads of freight, and employs nearly one thousand people in the state of Illinois. Plaintiff also says that CSXT has a registered agent in

Illinois to accept service for the inter-state transportation activities in which it engages. These contacts, however, are not sufficient to make CSXT "at home" in Illinois.

CSXT is incorporated in Virginia and has its principal place of business in Florida. While CSXT has a division headquarters in Illinois, the presence of a regional office does not constitute a contact sufficient to allow the exercise of general jurisdiction. *See e.g.*, *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (holding that the plaintiff failed to establish an exceptional case where the defendant's contacts in the forum state did not establish a "surrogate principal place of business"); *Patera v. Bartlett*, 2016 WL 773225, at *3 (N.D. Ill. Feb. 29, 2016) (holding that the defendant's contacts in Illinois, including a "regional hub," did not make the case distinguishable from *Daimler*). Nor does CSXT's in-state business activities allow for the exercise of general jurisdiction. *See, e.g. BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017) (concluding that over 2,000 miles of railroad and some 2,100 workers were insufficient contacts to allow general jurisdiction over the defendant). Such "exorbitant exercises" of general jurisdiction "would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler*, 571 U.S. at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Moreover, "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." *BNSF*, 137 S. Ct. at 1559. Instead, general jurisdiction "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id*. Here, plaintiff has not made any allegations regarding CSXT's "activities in their entirety." The only allegations plaintiff has made concern CSXT's Illinois activities. Such allegations are insufficient to make a *prima facie* showing of general jurisdiction over CSXT.

Finally, plaintiff argues that this Court may exercise general jurisdiction over CSXT since it has a registered agent in Illinois for service of process. However, the Illinois Supreme Court has held that the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2012)) does not "indicate that, by registering in Illinois or appointing a registered agent, a corporation waives any due process limitations" on Illinois' exercise of general jurisdiction. *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 447 (Ill. 2017). In fact, the Act "makes no mention of personal jurisdiction at all." *Id.*; *see Surita v. AM General LLC*, 2015 WL 12826471, at *3 (N.D. Ill. Nov. 4, 2015) (the Act "does *not* contain a provision with jurisdictional consent language") (emphasis in original). Thus, "while a foreign corporation must appoint an agent to accept service of process in order to conduct business in Illinois," it does not follow that the corporation "has thereby consented to general jurisdiction over all causes of action, including those that are completely unrelated to the corporation's activities in Illinois." *Aspen America*, 90 N.E.3d at 447; *see Wilson v. Humphrey's (Cayman)*, 916 F.2d 1239, 1245 (7th Cir. 1990) (rejecting that a corporation's compliance with a state's registration constitutes consent to general jurisdiction).

### B. Specific Jurisdiction

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702. To determine whether a claim relates to or arises out of a party's contacts, the court "cannot simply aggregate all of a defendant's contacts with a state – no matter how dissimilar in terms of geography, time, or substance – as evidence of the constitutionally-required minimum contacts." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 429 (7th Cir. 2010) (quoting *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997)).

Thus, "to be relevant for personal jurisdiction, past contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." *GCIU-Employer Ret. Fund*, 565 F.3d 1018, 1024 (7th Cir. 2009); *see also Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) ("[T]he defendant's contacts with the forum state must directly relate to the challenged conduct."). Finally, such minimum contacts must "comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause." *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 462, 477-478 (1985).

The parties dispute whether plaintiff's claims arise from, or relate to, CSXT's business in Illinois. Plaintiff asserts that discovery may establish that the CSXT train originated from Illinois, thus demonstrating that the cause of action arose out of CSXT's activities within the state. CSXT counters that every alleged negligent act or omission described in Plaintiff's complaint occurred in Indiana. Additionally, CSXT argues that there is no authority for the proposition that a railroad is subject to specific jurisdiction in the state where a train originated or passed through, regardless of where a subsequent accident or allegedly negligent conduct occurred.

The factual allegations asserted by plaintiff do not arise from, or relate to, CSXT's Illinois activities. Plaintiff alleges that CSXT was negligent by failing to reduce the train's speed, keep a proper lookout, take evasive action, or have a properly functioning signal system. These alleged acts or omissions occurred in the moments before the collision in Indiana. Even accepting that the CSXT train originated from Illinois, plaintiff fails to explain how such a fact connects Illinois to the allegations asserted against CSXT. Plaintiff likewise fails to show how the acts or omissions alleged in the complaint arise from, or relate to, CSXT's activities in Illinois. Therefore, plaintiff cannot make a *prima facie* showing of specific jurisdiction.

Because plaintiff is unable to make a showing of personal jurisdiction, this case is dismissed without prejudice.

## CONCLUSION

For the reasons stated above, defendant CSXT's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction [9] is granted. This case is dismissed without prejudice to plaintiff refiling in an appropriate forum. Civil case terminated.

Date: 11/28/2018

Jorge L. Alonso
United States District Judge